# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENNIS HORTON,

   Petitioner,

v.

MARTIN DRAGOVICH, *et al.*,

   Respondent.

CIVIL ACTION

NO. 09-3823

## MEMORANDUM

  Dennis Horton, a prisoner in Pennsylvania's Mahanoy State Correctional Institution, has filed a motion for relief from final judgment (09-3823 docket no. 1), pursuant to Fed. R. Civ. P. 60(b)(6), challenging Judge Katz's dismissal of his petition for habeas corpus on May 26, 2000. For the reasons outlined below, Horton's motion is denied.

  Judge Katz's opinion, in relevant part, dismissed the writ as procedurally defaulted because Horton's ineffective assistance of counsel claims were found to be previously litigated during the Pennsylvania Post-Conviction Relief Act ("PRCA") round of state appeal. May 26, 2000 Order (99-4157 docket no. 25). Horton argues that the judgment denying habeas corpus relief should be reopened in light of the Supreme Court's recent ruling in *Cone v. Bell*, 129 S. Ct. 1769 (2009), because it involved application of 42 Pa.C.S.A. § 9543(a)(3), which precludes relief under the writ if the petitioner cannot prove "[t]hat the allegation of error has not been previously litigated."

  Horton's Rule 60(b) motion was referred to Magistrate Judge Carol Sandra Moore Wells. Mar. 4, 2010 Order (09-3823 docket no. 10). In her 2010 R&R,[1] she recommended that the motion be denied because the Rule 60(b)(6) motion was not filed within a reasonable time and because Horton could not demonstrate the requisite extraordinary circumstances. The R&R also found that the motion should not have been filed as a Rule 59(e) or 60(b)(1) motion.

---

[1] Judge Wells authored both a Report and Recommendation in 2000 recommending the denial of the petition for Writ of Habeas Corpus and another this year recommending the denial of the Rule 60(b)(6) motion. For convenience, the former is referred to as the 2000 R&R and the latter as the 2010 R&R.

This opinion proceeds by addressing (1) whether the petition is barred by the Antiterrorism and Effective Death Penalty Act (AEDPA); (2) whether the petition was properly filed under Rule 60(b)(6); and (3) the merits of the 60(b)(6) motion.

First, it must be determined whether Horton is entitled to review of his Rule 60(b)(6) motion under AEDPA. AEDPA altered the federal *habeas corpus* statute to limit second or successive petitions for relief from a state criminal conviction. *See* 28 U.S.C. § 2244(b)(2). A Rule 60 motion constitutes a second petition if it "seeks to collaterally attack the petitioner's underlying conviction." *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

> If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.

*Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005). Horton is only asking this court to vacate and reopen the May 26, 2000 final judgment/order denying his *habeas corpus* petition as procedurally barred. Thus, it is proper to review the motion because it is not the equivalent of a successive habeas petition.

Second, for the reasons noted in the 2010 R&R, Horton properly filed his motion under Rule 60(b)(6). Rule 60(b)(6) serves as a "catch-all" provision that permits a court to grant relief from a final judgment or order for "any *other* reason that justifies relief." A petitioner may not file a 60(b)(6) motion if his reasoning more closely fits one of the enumerated reasons in Rule(b)(1)-(5). Where the petitioner alleges legal error, a motion may be filed under Rule 60(b)(1) if it is made within one year of the judgment complained of, but Rule 60(b)(6) can also provide relief more than a year after the challenged judgment if the legal error is compounded by "extraordinary circumstances." *See Gonzalez*, 545 U.S. at 528-30 (noting Rule 60(b)(6) is the appropriate vehicle to pursue relief where a change in the relevant procedural law occurs after the appellate court affirms the district court's judgment); *James v. Virgin Islands Water & Power Auth.*, 119 Fed. App'x 397 (3d Cir. 2005) (nonprecedential). In addition, Horton's motion would not have been properly filed under Rule 59(e) as a motion to alter or amend a judgment. Upon reviewing a similarly styled motion, the Supreme Court held in *Gonzalez v. Crosby* that it was proper to review under Rule 60(b)(6) if the petitioner was seeking to avail himself of a procedural law modification that occurred after the appellate court affirmed the district court's judgment. *See Gonzalez*, 545 U.S. at 527 n.1.

Third, with respect to the merits of the Rule 60(b)(6) claim, a change in law can, on occasion, qualify as one of the "other reasons" justifying relief under Rule 60(b)(6). *AARP v. EEOC*, 390 F. Supp. 2d 437, 443 (E.D. Pa. 2005). However, such occasions are

rare: "Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997).

In her 2000 R&R, adopted by Judge Katz, Judge Wells determined that the underlying merits of Horton's claim were exhausted on direct appeal and that the procedural grounds for denying review were "independent and adequate" because Pennsylvania law prohibited an issue that was previously litigated from being reviewed under the PCRA. 2000 R&R at 12-13 (citing 42 Pa.C.S.A. § 9543(a)(3)).[2] Judge Wells also determined that Horton was unable to demonstrate cause for the past procedural default and prejudice resulting from the default. 2000 R&R at 13-14.

In 2009, the Supreme Court held in *Cone v. Bell* that federal habeas review is not "barred every time a state court invokes a procedural rule to limit its review of a state prisoner's claims." 129 S. Ct. 1769, 1780 (2009). However, as Judge Wells noted in her 2010 R&R, *Cone* did not construe 42 Pa.C.S.A. § 9544(a), while the Third Circuit's decision in *Boyd v. Waymart*, 579 F.3d 330 (3d Cir. 2009) (en banc), did. 2010 R&R at 5.[3] *Boyd* establishes that the 2000 R&R's conclusions were erroneous. 2010 R&R at 6 (citing *Boyd*, 579 F.3d at 369).

Nonetheless, Horton is not entitled to relief on his Rule 60(b)(6) motion for two reasons. First, the circumstances in this case are not extraordinary. Relief under Rule 60(b)(6) requires a showing of "extraordinary circumstances" which "will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535. Where a court's interpretation was correct under the then-prevailing interpretation of the law, "[i]t is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." *Gonzalez*, 545 U.S. at 536.

Second, "[a] motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Horton filed this 60(b)(6) motion ten years after he filed his habeas petition and nearly eight years after the denial of his petition for a writ of *certiorari* seeking review of the denial of habeas relief. Although Horton may be thought

---

[2] Section 9543(a)(3) provides that, to be eligible for post-conviction relief, a petitioner must demonstrate that "the allegation of error has not been previously litigated or waived."

[3] Section 9544(a) provides that a claim has been "previously litigated" if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue" or "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence."

to have acted diligently in pursuing relief based on *Cone*, which was decided just four months before he filed this motion, Horton was not diligent in pursuing relief on his legal theory. As Judge Wells noted, "[t]hree years before *Cone* was decided, the Honorable Anita B. Brody held that § 9544's previous litigation rule was not an adequate and independent state ground barring habeas review." 2010 R&R at 6. Thus, Horton's motion should also be dismissed as untimely. Moreover, lack of diligence can confirm that a subsequent change in the law is not an extraordinary circumstance justifying relief from the judgment in petitioner's case. *Gonzalez*, 545 U.S. at 537-38.

Accordingly, I will deny petitioner's Rule 60(b)(6) motion because he has not demonstrated in a timely manner the "extraordinary circumstances" required to grant relief. An appropriate order follows.

BY THE COURT:

 /s/ Louis H. Pollak, J.
Pollak, J.